**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

JOE MOORE,

          Plaintiff,

    v.

TRAVIS ARRINDEL, *et al.,*

          Defendants.

Case No. 3:26-cv-00133-SLG

## <u>ORDER OF DISMISSAL</u>

On March 24, 2026, the Clerk received filings from self-represented litigant Joe Moore ("Plaintiff") that have been docketed and assigned a case number in the Case Management/Electronic Case Files ("CM/ECF") system, as set forth above.[1] The Clerk of Court mailed Plaintiff a Notice of Electronic Filing ("NEF") to the address he provided on her complaint, indicating the documents had been filed in the electronic case file for this case. But on April 7, 2026, the NEF was returned to the Court as undeliverable to Plaintiff at that address.[2] To date, Plaintiff has not updated his address or otherwise contacted the Court since he filed this case.[3]

When an order of the Court or other mail is returned to the Court as undeliverable at the address of record, the Court may dismiss the case without further notice to the plaintiff unless the plaintiff files a notice of change of address

---

[1] Dockets 1-2.

[2] Docket 3.

[3] Docket 6.

within 14 days of the service date of the order.[4] Federal courts must act with some leniency toward those without legal training,[5] and may accord a self-represented plaintiff an opportunity to cure deficiencies in a case. However, having reviewed and considered the filings in this case, the Court finds that this case must be dismissed. A district court must dismiss a complaint at any time if the court determines that the complaint is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6]

Upon review, Plaintiff's Complaint is subject to dismissal for all three reasons. Plaintiff's Complaint consists of a single typewritten page. He lists four Defendants—Travis Arrindel, Hannah Cohen, Kevin Mcclanahan, and Madalina Danescu—and alleges only that "Defendants violated due process, [and] Plaintiff demands $100,000."[7] Plaintiff fails to state a claim because he has not explained how his due process rights were violated or alleged any injuries traceable to any particular Defendant's conduct that a court could possibly resolve.[8] Additionally,

---

[4] *See* Alaska Local Civil Rule 11.1(b)(3) (authorizing dismissal of a case when Court orders or other mail sent to a self-represented plaintiff at the address of record are returned to the Court as undeliverable). *See also* Alaska Local Civil Rule 11.1(b)(2) ("Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[5] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] Docket 1 at 1.

[8] *See* Rule 8 of the Federal Rules of Civil Procedure.

Case No. 3:26-cv-00133-SLG, *Moore v. Arrindel, et al.*
Order of Dismissal
Page 2 of 5

the Complaint lacks any basis upon which the Court can establish it has personal jurisdiction over the named Defendants or could be considered a proper venue for this action.[9] And Defendants all appear to be judges of the civil court of the City of New York,[10] who are entitled to absolute immunity from suit in federal court for any alleged actions taken within the scope of their official judicial duties.[11] If Plaintiff disagrees with a judge's ruling in a New York state court case, the proper method for challenging that decision is through the New York state court appellate process.[12]

Finally, federal courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious.[13] Pursuant to Rule 201

---

[9] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[10] Judges of the Civil Court of the City of New York, New York State Unified Court System (NY Civil Court), https://ww2.nycourts.gov/courts/nyc/civil/profiles.shtml (last visited Apr. 24, 2026).

[11] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003). *See also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts.").

[12] The *Rooker-Feldman* doctrine "bars a federal district court from exercising subject matter jurisdiction 'not only over an action explicitly styled as a direct appeal, but also over the "de facto equivalent" of such an appeal.' " *Hooper v. Brnovich,* 56 F.4th 619, 624 (9th Cir. 2022) (*quoting Morrison v. Peterson,* 809 F.3d 1059, 1070 (9th Cir. 2015)). *See also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *D.C. Ct. App. v. Feldman,* 460 U.S. 462, 482 (1983).

[13] *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (1995) (noting that a district court may dismiss a complaint that merely repeats pending or previously litigated claims under 28 U.S.C. § 1915); *see also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are

of the Federal Rules of Evidence, the Court takes judicial notice of the numerous complaints Plaintiff has filed in federal courts across the country naming the same four Defendants.[14] In the eight cases reviewed by the Court, Plaintiff filed what appears to be the same Complaint that he filed in this case. Aside from the court name listed at the top of the document and each court's file-stamp and other court-added markings, the documents are identical, including the date Plaintiff signed each Complaint.[15]

For these reasons, Plaintiff's Complaint must be dismissed. The Court finds that allowing leave to file an amended complaint would be futile.[16] Therefore, this case must be DISMISSED with prejudice.[17] Plaintiff is cautioned against bringing

---

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted).

[14] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[15] *Moore v. Arrindel, et al.,* Case No. 2:26-cv-00203-MHT-CWB (M.D. Ala.); *Moore v. Arrindel et al.,* Case No. 2:26-cv-01074-DC-AC, (E.D. Cal.); *Moore v. Arrindel, et al.,* Case No. 1:26-cv-01209-RTG (D. Colo.); *Moore v. Arrindel, et al.,* Case No. 1:26-cv-00093-MW-MAF (N.D. Fla.); *Moore v. Arrindel, et al.,* Case No. 8:26-cv-00779-KKM-LSG (M.D. Fla.); *Moore v. Arrindel et al.,* Case No. 2:26-cv-00148-SAB (E.D. Wash. 2026); *Moore v. Arrindel, et al.,* Case No. 2:26-cv-01100-JHC (W.D. Wash); *Moore v. Arrindel, et al.,* Case No. 1:26-cv-00881-MLG-SCY (D.N.M.).

[16] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations).

[17] *Huffman v. Lindgren,* 81 F.4th 1016 (9th Cir. 2023) (affirming dismissal without leave to amend based on judicial immunity).

legally or factually unsupported claims in the District of Alaska. While a federal court may act with some leniency toward those without legal training, Plaintiff is not excused from the rules that govern court proceedings.[18] Self-represented litigants and attorneys must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[19] Failure to do so may result in the imposition of sanctions authorized by law.[20]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk shall issue a final judgment and close this case.

DATED this 29th day of April, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[18] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[19] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[20] *See* Rule 11 of the Federal Rules of Civil Procedure.